UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARNELL LEROY JOHNSON,

Petitioner,

v.

BONITA HOFFNER,

Respondent.

_____/

Case No. 15-cv-10733

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
PATRICIA T. MORRIS

OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [4];
DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS [1]; DENYING A CERTIFICATE
OF APPEALABILITY; AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

I. INTRODUCTION

Larnell Johnson ("Petitioner") has filed a Petition for a Writ of Habeas Corpus [1]
pursuant to 28 U.S.C. § 2254 alleging that he is being held in custody in violation of his
constitutional rights. Petitioner was convicted of first-degree murder and possession of a firearm
during the commission of a felony following a jury trial in the Saginaw County Circuit Court and
was sentenced to life imprisonment without parole and a consecutive term of two years
imprisonment in 1981.

This matter is presently before the Court on Respondent's motion for summary judgment
seeking to dismiss the petition as untimely under the one-year statute of limitations applicable to
federal habeas actions. Having reviewed the case, the Court concludes that the habeas petition is
untimely and must be dismissed for failure to comply with the one-year statute of limitations set
forth at 28 U.S.C. § 2244(d). The Court also concludes that a certificate of appealability and
leave to proceed *in forma pauperis* on appeal will be denied.

## II. BACKGROUND

Petitioner's convictions arise from a shooting in which Petitioner and three others tracked down a man at a park in Saginaw and shot him to death on July 16, 1980. At trial, an off-duty police officer testified that he witnessed the shooting incident. He heard someone say, "we got you now motherfucker," just prior to the shooting. Once shots were fired and the victim initially fell to the ground, he observed Petitioner fire seven or eight additional shots into the victim. The victim's brother also identified Petitioner as one of the shooters. The victim's cousin and the cousin's girlfriend also witnessed the shooting. A woman, Deborah Siler, who knew both Petitioner and the victim testified that she heard Petitioner threaten to kill Thomas at her house prior to the shooting. Petitioner's cousin testified that the victim had threatened to kill the Petitioner prior to the incident. Petitioner testified in his own defense at trial. He asserted that he only fired shots at the victim from 25 to 30 feet away because the victim had previously threatened him and he saw the victim and his relatives with weapons at the park.

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals, which affirmed his convictions and sentences. *People v. Johnson*, No. 59649 (Mich. Ct. App. July 22, 1983). Jones filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Johnson*, No. 72223 (Mich. S. Ct. March 8, 1984).

On October 21, 1998, Deborah Siler signed an affidavit recanting her testimony that Petitioner had threatened the victim before the shooting incident. Sometime thereafter, one of Petitioner's co-defendants filed a motion for relief from judgment and had a hearing on it related to Siler's affidavit. Petitioner participated in that hearing. The trial court denied the motion for relief from judgment and, because Petitioner participated in the hearing, the court also included

Petitioner in that decision.  Petitioner appealed and the Michigan Court of Appeals vacated the order relative to Petitioner because he had not filed his own motion for relief from judgment. *People v. Johnson*, No. 245153 (Mich. Ct. App. March 25, 2003).

Nearly ten years later, on January 8, 2012, Petitioner filed a motion for relief from judgment with the state trial court raising several claims including claims arising from Siler's affidavit.  The trial court denied the motion.  *People v. Johnson*, No. 80-000568-FY (Saginaw Co. Cir. Ct. June 19, 2012).  Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied.  *People v. Johnson*, No. 313950 (Mich. Ct. App. Sept. 6, 2013). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied.  *People v. Johnson*, 495 Mich. 948, 843 N.W.2d 536 (Feb. 28, 2014).

Petitioner, through counsel, filed the instant federal habeas petition on February 27, 2015. In the Petition, he raises claims concerning Siler's recanted trial testimony, perjury, the alleged failure to disclose evidence, the non-production of a res gestae witness, the effectiveness of trial and appellate counsel, and cumulative error.  Respondent now moves for summary judgment contending that the petition is untimely.  Petitioner has not filed a Response to the motion in accordance with the Court's Local Rules. *See* E.D. Mich. L.R. 7.1(e)(1)(c).

### III. LEGAL STANDARD

#### A.  LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) empowers the court to render summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).  The Supreme Court has affirmed the court's use of summary judgment as an

integral part of the fair and efficient administration of justice.  The procedure is not a disfavored procedural shortcut.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

With respect to summary judgment, the Court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.,* 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party.  *Anderson*, 477 U.S. at 248, 252.  Rather, there must be evidence on which a jury could reasonably find for the non-movant.  *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

## IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. AEDPA established a one-year period of limitation for state prisoners to file federal habeas corpus petitions. *See Wall v. Kholi*, 562 U.S. 545, 131 S. Ct. 1278, 179 L. Ed. 2d 252 (2011) (citing 28 U.S.C. § 2244(d)(1)). The one-year limitations period runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). "The limitation period is tolled, however, during the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Kholi*, 131 S. Ct. at 1283 (quoting 28 U.S.C. § 2244(d)(2)).

AEDPA governs the filing date for this action because Petitioner filed his petition after AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). A petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days after the limitations period expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's convictions became final in 1984, well before the AEDPA's April 24, 1996 effective date. Prisoners whose convictions became final before the AEDPA's effective date are

given a one-year grace period in which to file their federal habeas petitions. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003). Accordingly, Petitioner was required to file his federal habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his motion for relief from judgment with the state trial court on January 8, 2012. Thus, the one-year limitations period had expired well before Petitioner sought state post-conviction review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado*, 337 F.3d at 641. Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations. Furthermore, the AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not contend that the state created an impediment to the filing of his petition or that his claims are based upon newly-created retroactively applicable rights which would warrant habeas relief. Arguably, he could assert that the claims in his petition which arise from Siler's affidavit are based upon newly-discovered facts. Under 28 U.S.C. § 2244(d)(1)(D), the limitations period begins when the factual predicate for the claim could have been discovered through the exercise of due diligence, not when it was actually discovered by the petitioner. *See Lott v. Coyle*, 261 F.3d 594, 605–06 (6th Cir. 2001); *Brooks v. McKee*, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004) (citing cases). The period begins when the petitioner knows or could have discovered the important facts for the claim, not when the petitioner recognizes the legal

significance of those facts.  *Brooks*, 307 F. Supp. 2d at 905-06. The start of the limitations period "does not await the collection of evidence which supports the facts."  *Id*. at 906.  A habeas petitioner bears the burden of showing that he exercised due diligence in discovering the factual predicate for his claims.  *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006).

In this case, Petitioner knew or should have known of Siler's recantation at the time she signed her affidavit in 1998 or, at the latest, during his co-defendant's motion for relief from judgment proceedings in the state trial court which concluded in 2001.  Thus, Petitioner had until 1999 or, at most, until 2002 to pursue collateral review in the state courts and/or seek federal habeas relief.  Petitioner did not file his state court motion for relief from judgment, however, until 2012.  His habeas action is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has confirmed that the habeas statute of limitations is not a jurisdictional bar and is subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010).  The Supreme Court has further verified that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling.  *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Here, Petitioner makes no such showing. The fact that he is untrained in the law, may have been proceeding without a lawyer for a period of time, may have been mistaken about state court filing requirements, or may have been unaware of the statute of limitations does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse for failure to follow established legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner's contention that his habeas claims have merit also does not justify tolling the limitations period. *Holloway*, 166 F. Supp. 2d at 1191. Put simply, Petitioner fails to establish that he is entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have also held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *See McQuiggin v. Perkins*, – U.S. –, 133 S. Ct. 1924, 1928 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway*, 166 F. Supp. 2d at 1190. As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006). A valid claim of actual innocence requires a petitioner "to support his

allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324.   Significantly, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Again, Petitioner makes no such showing.  Here, Petitioner could argue that Siler's affidavit supports a claim of innocence.  Siler's affidavit, however, is not particularly reliable given that it was signed 17 years after Petitioner's trial.  *See, e.g., McQuiggan*, 133 S. Ct. at 1928 (stating that a court should consider "unjustifiable delay on a habeas petitioner's part . . . as a factor in determining whether actual innocence has been reliably shown").   Moreover, Siler's recantation, even if believed, does not establish Petitioner's innocence.  The trial testimony from other witnesses, including an off-duty police officer, who witnessed the shooting provide significant evidence of Petitioner's guilt of the charged offenses.  Petitioner even admitted being at the scene and firing his weapon. Thus, Siler's affidavit does not demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted Petitioner of the crime.  All things considered, Petitioner is not entitled to equitable tolling of the one-year period and his petition must be dismissed.

### IV. CONCLUSION

Based on the foregoing discussion, the Court concludes that Petitioner did not file his petition within AEDPA's one-year limitations period, that he fails to demonstrate that he is entitled to statutory or equitable tolling, and that the statute of limitations precludes review of his habeas claims.  Accordingly, the Court **GRANTS** Respondent's Motion for Summary Judgment [9] and **DISMISSES WITH PREJUDICE** the Petition for a Writ of Habeas Corpus [1].

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*. Here, jurists of reason would not find the Court's procedural ruling debatable. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

IT IS SO ORDERED.

Dated: August 11, 2015

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Court Judge